UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

BINGHAMTON DIVISION

|  |  |
|---|---|
| STACY SMALT, on behalf of herself and others similarly situated, | Civil Action No.: 3:24-cv-1441 (BKS/ML) |
| Plaintiff, | Electronically filed on November 27, 2024 |
| v. | **COMPLAINT AND JURY DEMAND** |
| CMS-NY/PA, LLC, |  |
| Defendant. |  |

**NATURE OF THE ACTION**

1. Plaintiff Stacy Smalt ("Plaintiff"), by and through her attorney, brings this proposed collective and class action against Defendant CMS-NY/PA, LLC ("CMS") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq.*, and the New York Labor Law ("NYLL"). This case arises from CMS's failure to pay Plaintiff and other hair stylists (collectively, "Stylists," "Collective Members," or "Class Members," as appropriate) on a weekly basis as required for "manual workers" under section 191 of the NYLL, enforceable pursuant to section 198 of the NYLL. Stylists' claims for late payments are also actionable under the FLSA's timely pay provisions set forth in 29 U.S.C. section 206(a) and (b). Plaintiff, on behalf of herself and all other Stylists, seeks liquidated damages, attorney's fees, interest, costs of suit, injunctive relief, declaratory relief, and any other relief the Court deems proper.

**PARTIES**

2. CMS is a Pennsylvania company with its headquarters and nerve center in Binghamton, New York. CMS is in the business of, *inter alia*, owning, operating, and managing salons in New York pursuant to franchise agreements with Cost Cutters, SmartStyle, and Supercuts.

3. Plaintiff is a citizen of New York, residing in Steuben County. CMS initially employed Plaintiff as a Stylist at its Painted Post, New York SmartStyle location from in or around January 2020 until in or around July 2020. CMS has employed Plaintiff as a Stylist at the same Painted Post, New York SmartStyle location from on or about September 23, 2024, until the present. Plaintiff is a member of both the putative Collective and putative Class as defined herein. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) has been filed contemporaneously with this Complaint.

**JURISDICTION**

4. This Court has personal jurisdiction over CMS because CMS's headquarters and nerve center are in New York.

5. This Court has federal question subject matter jurisdiction of this case pursuant to 28 U.S.C. section 1331 because this action is brought, in part, pursuant to the FLSA, 29 U.S.C. section 201, *et seq*.

6. This Court has supplemental jurisdiction over NYLL claims pursuant to 28 U.S.C. section 1367 because the NYLL claim is so related to the FLSA claim such that it forms part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

7. This Court is the proper venue for this matter pursuant to 28 U.S.C. section 1391(b) and (c) because CMS is headquartered in this District and because the practice complained of

herein originated in this District.

## SUBSTANTIVE ALLEGATIONS

8. Collective and Class Members are individuals who have been employed by CMS as Stylists in CMS's New York salons during the relevant time period(s).

9. At all relevant times, CMS has paid Stylists on a biweekly basis.

10. However, Stylists are considered "manual workers" entitled to weekly pay under the NYLL because they spend more than 25 percent of their working time performing physical labor, including, for example, cutting, coloring, and styling hair, as well as cleaning individual and shared workspaces. *See* NYSDOL Op. Ltr. RO-08-0061 (Dec. 4, 2008) (finding hairdressers to be manual workers under the NYLL).

11. As a result, Stylists have been temporarily deprived of money owed to them and have been unable to use funds that are rightfully theirs; every day that said funds have not paid to them in a timely fashion, they have lost the time value of that money.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff's claim for underpayment under the FLSA is brought on behalf of herself and all others similarly situated ("Collective Members"). This putative Collective is defined as:

> "All current and former individuals employed by CMS as stylists from three years prior to the filing of this action to the final disposition of this action."

13. Plaintiff and Collective Members are similarly situated pursuant to 29 U.S.C. section 216(b) because each of them was subject to CMS's common practice of failing to pay Stylists on a weekly basis.

## CLASS ACTION ALLEGATIONS

14. Plaintiff's claim for underpayment under the NYLL is brought on behalf of herself and all others similarly situated ("Class Members"). This putative Class is defined as:

> "All current and former individuals employed by CMS as stylists from six years prior to the filing of this action to the final disposition of this action."

## A. ASCERTAINABILITY

15. Plaintiff is informed and believes that the identities of Class Members are ascertainable through CMS's personnel records.

## B. NUMEROSITY

16. Plaintiff is informed and believes that there are hundreds of Class Members, and that it would be impracticable to bring them all before the Court.

## C. COMMONALITY

17. Questions of law and fact common to Class Members include, for example:

- Whether Class Members are "manual workers" under the NYLL;
- Whether CMS has failed to pay Class Members on a weekly basis; and
- Whether CMS can prove a good faith basis for believing that its underpayment of wages has complied the law.

18. Issues common to the class can be resolved with class-wide evidence, including evidence that CMS's common practice of failing to pay Class Members on a weekly basis has applied to all Class Members.

## D. TYPICALITY

19. Plaintiff's claims are typical of, if not identical to, the claims that could be asserted by all Class Members, as Plaintiff's claims arise from CMS's common practice of failing to pay Class Members on a weekly basis as alleged herein.

## E. ADEQUACY

20. Plaintiff will adequately represent the interests of Class Members because there are no conflicts between Plaintiff and any Class Members and because Plaintiff's counsel has the

experience and skill to zealously advocate for the interests of Class Members.

**F.     PREDOMINANCE**

21.    Common issues predominate over individualized inquiries in this action because CMS's liability under NYLL sections 191 and 198 can be established as to all Class Members with classwide evidence of a common pay practice as alleged above.

**G.     SUPERIORITY**

22.    There are substantial benefits to proceeding as a class action that render proceeding as a Class superior to any alternatives, including the fact that it will provide a realistic means for Class Members to recover damages and penalties; it would be substantially less burdensome on the courts and the parties than numerous individual proceedings; many Class Members may be unaware that they have legal recourse for the conduct alleged herein; and because issues common to Class Members can be effectively managed in a single proceeding.

**FIRST CLAIM
LATE PAYMENT
29 U.S.C. § 216
(On Behalf of all Collective Members)**

1.    Plaintiff, on behalf of herself and all Class Members, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

2.    CMS is an enterprise subject the FLSA because, *inter alia*, on information and belief, its annual gross volume of sales made or business done is not less than $500,000 and it has employees, including Stylists, engaged in commerce or the handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

3.    The FLSA, 29 U.S.C. section 206(a) and (b), permits employees to recover liquidated damages equal to the amount of wages that were paid late.

4.    As alleged herein, Collective Members were not paid their wages on a weekly basis as required by law.

5. Accordingly, Class Members are entitled to relief under the FLSA.

6. On information and belief, CMS has recklessly disregarded the prompt pay provisions of the FLSA by failing to make adequate inquiry into whether its pay practice alleged herein complies with the FLSA. Indeed, it has been clear since at least 2008 that Stylists are entitled to weekly pay.

**SECOND CLAIM**
**LATE PAYMENT**
**NYLL § 191**
**(On Behalf of all Class Members)**

7. Plaintiff, on behalf of herself and all Class Members, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

8. Section 191 of the NYLL requires employers to pay "manual workers" on a weekly basis.

9. As alleged herein, Class Members, including Plaintiff, are considered "manual workers" under New York law.

10. Nonetheless, CMS has paid Class Members, including Plaintiff, on a biweekly basis.

11. Accordingly, Class Members are entitled to relief under New York law.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

a. Certification of this action as a collective and class action;

b. Designation of Plaintiff as representative of the putative Collective and Class;

c. Designation of Plaintiff's counsel as counsel for the putative Collective and Class;

d. Liquidated damages for late payments to Collective Members and Class Members as provided by 29 U.S.C. section 216(b) and/or NYLL sections 663(1) and/or 198(1-a);

      e.      Attorneys' fees pursuant to 29 U.S.C. section 216(b) and/or NYLL sections 663(1) and/or 198(1-a);

      f.      Costs of litigation pursuant to 29 U.S.C. section 216(b) and/or NYLL sections 663(1) and/or 198(1-a)

      g.      Pre-judgment interest pursuant to federal law, if applicable, and NYLL sections 663(1) and/or 198(1-a);

      h.      Post-judgment interest pursuant to 28 U.S.C. section 1961(a) and CPLR section 5001, *et seq.*;

      i.      Injunctive relief;

      j.      Declaratory relief; and

      k.      Any other relief the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully demands a trial by jury in this matter.

Respectfully submitted,

Matthew D. Carlson
(State Bar No. 5802681)
LAW OFFICE OF MATTHEW D.
  CARLSON
3959 N. Buffalo Road, Suite 29
Orchard Park, NY 14127
Telephone: (716) 242-1234
mdcarlson@mdcarlsonlaw.com

Attorney for Plaintiff

Dated: November 27, 2024