**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────

STACY SMALT, VICTORIA WALTER,
and JACQUELINE GEIST, individually
and on behalf of others similarly situated,

                        Plaintiffs,

                      -v-                                  3:24-CV-1441 (AJB/ML)

CMS-NY/PA, LLC *et al.*,

                        Defendants.

───────────────────────────────

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On November 27, 2024, named plaintiff Stacy Smalt, who works as a stylist, filed this putative collective and class action alleging that defendant CMS-NY/PA, LLC ("CMS"), which operates a franchised chain of salons from its headquarters in Binghamton, New York, violated the Fair Labor Standards Act ("FLSA") and related state law by failing to compensate plaintiff and other similarly situated stylists on a weekly basis. Dkt. No. 1. After plaintiff amended her complaint to add stylists Victoria Walter and Jacqueline Geist as named plaintiffs and Clifford and Kristen Milowicki as named defendants, Dkt. No. 11, defendants answered, Dkt. No. 17, and the parties settled the matter in mediation, Dkt. No. 26.

On August 8, 2025, named plaintiffs moved for preliminary approval of the proposed settlement and an order directing notice to the proposed settlement class. Dkt. No. 30. The motion is unopposed. Dkt. No. 31.

Upon consideration of plaintiffs' memorandum of law and supporting exhibits, and after reviewing the Settlement Agreement and the Class Notice materials, Dkt. No. 30-2 at 26–53, it is

ORDERED that

1. The unopposed motion for preliminary approval of the collective and class action settlement (Dkt. No. 30) is GRANTED

2. For purposes of effectuating the Settlement Agreement only, the Court CERTIFIES the FLSA Collective pursuant to the Fair Labor Standards Act and the NYLL Class pursuant to Federal Rule of Civil Procedure 23;

3. The proposed FLSA Collective[1] and FLSA Collective Members shall consist of:

> all persons who worked in the State of new York at any time from November 27, 2021, through August 15, 2025, as stylists or stylist-managers for CMS-NY/PA, LLC, who timely return a Consent to Join before the Consent to Join Deadline pursuant to Section 2.6(A) to join the FLSA Collective;

4. The proposed NYLL Class and NYLL Class Members shall consist of:

> all persons who worked in the State of New York at any time from February 15, 2020, through August 15, 2025, as stylists or stylist-managers for CMS-NY/PA, LLC, except those persons who timely submitted or submits a valid Opt-Out Statement pursuant to Section 2.5 [in the Settlement Agreement] shall not be included in the NYLL Class;

5. The Court APPOINTS named plaintiffs Stacy Smalt, Victoria Walter, and Jacqueline Geist as representatives of the FLSA Collective and NYLL Class;

6. The Court APPOINTS the Law Office of Matthew D. Carlson as counsel for the FLSA Collective and NYLL Class;

---

[1] Capitalized terms not otherwise defined in this Order shall have the definitions assigned to them in the Settlement Agreement (Ex. 1 at Dkt. No. 30-2).

7. The Class Notice, Consent to Join, and notice plan, including the process of opting out and objecting to the settlement, are APPROVED;

8. The Class Notice is the only notice required, constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class Members in compliance with the requirements of due process and applicable federal and state law, the U.S. Constitution, and any other applicable law;

9. The Court APPOINTS CAC Service Group, LLC, as Settlement Administrator;

10. The Court DIRECTS the parties and the Settlement Administrator to proceed in accordance with the terms of the Settlement Agreement;

11. If the Settlement Agreement does not receive final Court approval, the Parties will be returned to their respective positions existing immediately prior to the execution of the Settlement Agreement, the FLSA Collective and NYLL Class shall be decertified, this Order will become null and void, and this Order shall not be considered in evidence or on the issue of collective or class certification, and Defendants shall retain all rights to oppose certification in any subsequent proceeding;

12. Plaintiff shall submit a Motion for Final Approval, as well as any Motion for Attorney's Fees, Costs, Named Plaintiffs' Service Award, and Settlement Administrator Payment, no later than **January 2, 2026**;

13. Fairness Hearing regarding final approval of the Settlement Agreement, as well as Class/Collective Counsel's anticipated Motion for Attorney's Fees, Costs, Named Plaintiffs' Service Award, and Settlement Administrator Payment will be held in the 3rd floor courtroom of the U.S. Courthouse in Utica, New York, on **January 23, 2026 at 10:00 AM** ; and

- 4 -

14. The date and time of the Fairness Hearing shall be set forth in the Notice Form, but the Fairness Hearing may be adjourned or held remotely without further notice other than that which may be posted by the Court in a public location.

The Clerk of the Court is directed to terminate the pending motion and set deadlines accordingly.

**IT IS SO ORDERED.**

Dated: September 5, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge